IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 8:18-CR-137 |
| vs. | | ORDER |
| MAYRA GUADALUPE NUNEZ, | | |
| Defendant. | | |

This matter is before the Court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (filing 112). The defendant's motion will be denied.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting administrative remedies) move for reduction of a term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

But the Court must deny the defendant's motion, for two reasons. First, the Court may consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). In other words, the Court may consider the defendant's motion after either (1) the defendant has

fully exhausted all administrative rights to appeal <u>or</u> (2) the lapse of 30 days from the receipt of such a request by the warden. § 3582(c)(1)(A). But neither condition is satisfied here: there is nothing in the defendant's motion to indicate that a request for compassionate release has been presented to the warden of the defendant's institution. *See* filing 112.

Second, the defendant has identified no factors, such as preexisting health conditions, that place her at particular risk for COVID-19.[1] *See* filing 112. There is, in other words, little to distinguish her from any other federal prisoner—so she has not alleged reasons for a sentence reduction that are "extraordinary and compelling." Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 112) is denied.

Dated this 21st day of September, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

[1] In fact, the Court notes that the defendant's motion suggests she's already had COVID-19. If so, that would weigh strongly against release, because despite the unknowns, there's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional antibodies for the disease. *See* Robert D. Kirkcaldy et al., *COVID-19 and Postinfection Immunity*, JAMA (May 11, 2020), https://bit.ly/30mHSXS; Daniel M. Altmann et al., *What policy makers need to know about COVID-19 protective immunity*, 395 The Lancet 1527-29 (Apr. 27, 2020), https://bit.ly/2Unfu41. In other words, absent contravening information, evidence suggests the defendant is *less* likely to be at further risk of COVID-19 than other people.